# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | CASE NO. 25-11334 |
| | ) | |
| Pizzeria Management III LLC, | ) | CHAPTER 11 |
| | ) | SUBCHAPTER V |
| Debtor | ) | |
| | ) | JUDGE JESSICA E. PRICE SMITH |
| | ) | |
| Pizzeria Management III LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. Proc. No. 25-01092 |
| v. | ) | |
| | ) | |
| Joseph T. Ciresi and, | ) | |
| Cassie Ciresi | ) | |
| | ) | |
| Defendants | ) | |

## ANSWER TO COMPLAINT TO AVOID LIENS UNDER BANKRUPTCY CODE SECTION 544(a)

Joseph T. Ciresi and Cassie Ciresi (together "Defendants"), by and through their undersigned counsel, hereby set forth their Answer to the Complaint of Plaintiff Pizzeria Management III, LLC ("Plaintiff ") and state as follows:

### Jurisdiction, Venue and Parties

1. Defendants admit the allegations contained in paragraph 1 of the Complaint.

2. Defendants admit the allegations contained in paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in paragraph 3 of the Complaint.

4. Defendants admit the allegations contained in paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in paragraph 6 of the Complaint that this adversary proceeding is a core proceeding.

7. Paragraph 7 of the Complaint contains narrative statements to which no response is required from Defendants.

## FACTS COMMON TO ALL COUNTS

8. Defendants admit only that on February 23, 2023, Jason Dicks entered into a Membership Interest Purchase Agreement with Joseph T. Ciresi for the purchase of 100% of the membership interest of Pizzeria Management III, LLC and that a copy of the Membership Interest Purchase Agreement is attached to the Complaint as Exhibit A. Defendants deny the remaining allegations contained in paragraph 8 of the Complaint.

9. Defendants admit the allegations contained in paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in paragraph 11 of the Complaint.

**Count One– Fraudulent Obligation Incurred Under Promissory Note**

12. Defendants incorporate by reference all of their foregoing responses as if fully rewritten herein.

13. Defendants admit the allegations contained in paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint contains narrative statements to which no response is required from Defendants. To the extent that a response is required, Defendants state that they are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and therefore deny the same.

19. Paragraph 19 of the Complaint contains a legal conclusion to which no response is required from Defendants. To the extent that a response is required, Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint contains a legal conclusion to which no response is required from Defendants. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint contains a legal conclusion to which no response is required from Defendants. To the extent that a response is required, Defendants admit only that this action was brought within four years after the Debtor signed the Promissory Note.

**Count Two – Fraudulent Transfers Made Pursuant to Promissory Note**

22. Defendants incorporate by reference all of their forgoing responses as if fully rewritten herein.

23. Defendants admit only that the Debtor made payments of the obligation under the Promissory Note to Joseph and/or Cassie Ciresi in the total amount of $68,806.44. Defendants deny that Debtor's obligation under the Promissory Note was fraudulent.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint contains legal conclusions to which no response is required from Defendants. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint contains legal conclusions to which no response is required from Defendants. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint contains a legal conclusion to which no response is required from Defendants. To the extent that a response is required, Defendants admit only that this action was brought within four years after the Debtor signed the Promissory Note.

**Count Three – Fraudulent Transfers Admitted by Defendants in their Affirmative Defenses to the Complaint to Avoid Liens**

31. Defendants incorporate by reference all of their forgoing responses as if fully rewritten herein.

32. Defendants admit the allegations contained in Paragraph 32 of the Complaint.

33. Defendants admit the allegations contained in Paragraph 33 of the Complaint.

34. Defendants admit the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants admit the allegations contained in Paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint contains narrative statements to which no response is required from Defendants. To the extent that a response is required, Defendants state that they are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and therefore deny the same.

40. Paragraph 40 of the Complaint contains legal conclusions to which no response is required from Defendants. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint contains a legal conclusion to which no response is required from Defendants. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint contains a legal conclusion to which no response is required from Defendants. To the extent that a response is required, Defendants admit only that this action was brought within four years after the Debtor signed the Promissory Note.

In response to the WHEREFORE section of the Complaint following paragraph 42, to the extent a response is required, Defendants deny that Plaintiff is entitled to any relief from Defendants.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state any claim upon which relief can be granted.

2. The Complaint and each and every claim against Defendants is barred and precluded, in whole or in part, under the doctrine of unjust enrichment.

3. The Complaint and each and every claim against Defendants is barred and whole or in part, under the doctrines of waiver, estoppel, unclean hands and/or ratification.

4. Defendants reserve the right to add additional affirmative defenses or amend or modify the above affirmative defenses based upon information that may become available during discovery in this matter.

WHEREFORE, having fully answered the Complaint, Defendants Joseph T. Ciresi and Cassie Ciresi respectfully request that all claims asserted therein be dismissed in their entirety and

that Defendants Joseph T. Ciresi and Cassie Ciresi be awarded the costs and reasonable attorney fees incurred in responding thereto.

Respectfully submitted,

/s/ Heather E. Heberlein
Heather E. Heberlein (0083828)
Roetzel & Andress, LPA
1375 East Ninth Street, Suite 1000
Cleveland, OH 44114
Telephone: (216) 298-0801
Fax: (216) 623-0134
E-mail: hheberlein@ralaw.com

Counsel for Defendants Joseph T. Ciresi and Cassie Ciresi

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was electronically transmitted on December 22, 2025, via the Court's CM/ECF system to the following who are listed on the Court's Electronic Mail Notice List:

Thomas W. Coffey    tcoffey@tcoffeylaw.com, nbeba@tcoffeylaw.com

United States Trustee    (Registered address)@usdoj.gov

/s/ Heather E. Heberlein
Heather E. Heberlein (0083828)
